UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL DIAMOND,

       Plaintiff,

                                           Case No. 12-13165
v.                                         Hon. Gerald E. Rosen
                                           Magistrate Judge Charles E. Binder

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

**ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

          At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       September 26, 2013

          PRESENT:  Honorable Gerald E. Rosen
                            Chief Judge, United States District Court

      On June 25, 2013, Magistrate Judge Charles E. Binder issued a Report and Recommendation ("R & R") recommending that the Court deny the motion for summary judgment brought by *pro se* Plaintiff Earl Diamond, and that the Defendant Commissioner of Social Security's motion for summary judgment be granted.  Plaintiff filed a number of objections to the R & R on July 18, 2013, Defendant responded to these objections on July 25, 2013, and Plaintiff filed a reply in further support of his objections on August 9, 2013.  The Court has now reviewed the R & R, Plaintiff's objections, the parties' underlying summary judgment motions, and the remainder of the record.  For the

reasons stated below, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's R & R as the opinion of this Court.

In three of his first four objections, Plaintiff questions the due process he was given at the hearing before the Administrative Law Judge ("ALJ"), arguing (i) that he was not allowed to speak or present his case, but instead was permitted only to answer the ALJ's "leading questions," (Plaintiff's Objections at 1), and (ii) that he was not allowed to question the vocational expert ("VE") called by the ALJ at the hearing. As a threshold matter, however, the Defendant Commissioner correctly observes that Plaintiff has forfeited any such due process challenges by failing to present them to the Magistrate Judge in his underlying summary judgment motion, and instead raising them for the first time in his objections to the R & R. *See Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000). In any event, Plaintiff's due process objections lack merit, where (i) the ALJ asked Plaintiff open-ended questions that afforded him ample opportunity to testify at length, such as "why would you believe that you're disabled under [the] Social Security standard or definition of disability?," (Admin. Record at 41), (ii) Plaintiff was asked at two different points in the hearing whether there was "anything else you want to tell me today" and whether there was "something that you didn't tell me that you wanted to tell me today, or did we cover everything," (*id.* at 47, 58), and (iii) Plaintiff never expressed any desire to question the VE, but was nonetheless given an opportunity by the ALJ to address the VE's testimony, (*see id.* at 56-57). This record belies Plaintiff's contention that he was not permitted to be heard or to present his case at the hearing

before the ALJ.

Next, Plaintiff suggests that the Defendant Commissioner has never rendered a final decision on his claim for benefits. Yet, as explained by the Magistrate Judge, where (as here) the Appeals Council denies a claimant's request for review of the ALJ's decision, the decision of the ALJ is deemed "the final decision of the Commissioner." (R & R at 2 & n.2.)

Plaintiff next (and repeatedly) accuses the Defendant Commissioner and the ALJ of making "false and misleading statements" and of committing "fraud." As correctly observed by Defendant, however, none of the misstatements identified by Plaintiff has had any bearing on the Magistrate Judge's analysis or the outcome of Plaintiff's challenge to the ALJ's decision. First, while Plaintiff points to the erroneous statement in Defendant's summary judgment brief that Plaintiff "appeared with counsel" at the hearing before the ALJ, (Defendant's Motion, Br. in Support at 1), both the ALJ, (*see* Admin. Record at 11), and the Magistrate Judge, (*see* R & R at 10), recognized that Plaintiff was not represented by counsel at this hearing.[1] The Defendant Commissioner's misstatement can hardly be characterized as "fraud," (Plaintiff's Objections at 3), if noone was deceived or misled by it. Plaintiff also takes issue with the ALJ's statement that Plaintiff "underwent selective laser trabeculoplasty on November 6, 2008," (Admin. Record at

---

[1]As noted by the Magistrate Judge, the ALJ "thoroughly explained Plaintiff's right to be represented at the hearing, and Plaintiff chose to waive that right and proceed without counsel." (R & R at 10 (citing Admin. Record at 25-26).)

3

14), when in fact the record discloses that this procedure was performed in November of 2009, (*see id.* at 366-67). Again, however, as observed by both the ALJ, (*see id.* at 14), and the Magistrate Judge, (*see* R & R at 9), Plaintiff's physician reported in a follow-up visit shortly after this procedure that Plaintiff was doing well, with visual acuity of 20/20 and intraocular pressures "well controlled," (Admin. Record at 364). Thus, the clerical error in the ALJ's written decision does nothing to undermine the ALJ's finding that Plaintiff's visual impairment was not disabling. Finally, while Plaintiff complains that the ALJ mischaracterized certain of his past jobs as entailing "receptionist" and "file clerk" duties, (*see id.* at 14), he fails to suggest how this would call into question the ALJ's findings, backed by the testimony of the VE, that Plaintiff had performed past relevant work as a file clerk, and that he remained capable of performing this past relevant work as it is generally performed in the American economy, (*see id.* at 17-18, 54).

 Next, Plaintiff evidently views it as anomalous that the ALJ could find that he suffers from the severe impairments of bronchial asthma and visual difficulties, (*see id.* at 14), and yet nonetheless conclude that he was not disabled within the meaning of the Social Security Act, (*see id.* at 18). The law is clear, however, that the existence of impairments, standing alone, does not establish an entitlement to benefits, absent a claimant's showing that he is disabled as a result of these impairments. *See Foster v. Bowen,* 853 F.2d 483, 489 (6th Cir. 1988). As explained in the R & R, while the ALJ concluded at step two of the disability analysis that Plaintiff had severe impairments, the

ALJ found that Plaintiff's claim for benefits failed at steps four and five of this inquiry because Plaintiff "could perform his past relevant work as a clerk" and "could perform a limited range of medium work." (R & R at 7.) Contrary to Plaintiff's suggestion, these findings are fully consistent with the law governing the ALJ's analysis.

Plaintiff next protests that the ALJ failed to consider the records of his treatment at the Hurley Medical Center in determining whether he suffers from a disability within the meaning of the Social Security Act. Yet, the Magistrate Judge expressly addressed these records in considering whether the ALJ's decision is supported by substantial evidence, (*see* R & R at 8-9), and Plaintiff fails to point to anything in these records that might call into question either the ALJ's findings or the Magistrate Judge's review of these findings.

Finally, Plaintiff reiterates the general arguments from his underlying summary judgment motion (i) that the ALJ's decision is not supported by substantial evidence, and (ii) that the system for review of claims for Social Security benefits is skewed toward the denial of benefits. The Magistrate Judge ably addressed each of these points, (*see* R & R at 12-15), and Plaintiff has not identified any infirmity in this analysis that would lead the Court to depart from the Magistrate Judge's recommended disposition of this case.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's July 18, 2013 objections to the Magistrate Judge's June 25, 2013 Report and Recommendation are OVERRULED.  IT IS FURTHER ORDERED that the Magistrate Judge's Report and Recommendation (docket #20) is ADOPTED as the opinion of this Court, as supplemented by the rulings in the present order.  Finally, IT IS FURTHER ORDERED, for the reasons set forth above and in the Magistrate Judge's Report and Recommendation, that Plaintiff's October 30, 2012 motion for summary judgment (docket #12) is DENIED, and that Defendant's February 21, 2013 motion for summary judgment (docket #17) is GRANTED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  September 26, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 26, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

6